932 A.2d 824

Clyde FIELDS

v.

**DEPARTMENT OF HUMAN RESOURCES
HOWARD COUNTY DEPARTMENT
OF SOCIAL SERVICES.**

No. 1636, Sept. Term, 2006.

Court of Special Appeals of Maryland.

Sept. 13, 2007.

Steven D. Shemenski (Charles L. Waechter, on brief), Arbutus, for appellant.

Sandra Barnes (Douglas F. Gansler, Atty. Gen., on brief), for appellee.

Panel: SALMON, JAMES R. EYLER, and MEREDITH, JJ.

SALMON, J.

In the summer of 2005, the Howard County Department of Social Services ("HCDSS") found Clyde Fields "responsible for indicated child abuse."[1] Fields filed an appeal of HCDSS's decision with the Office of Administrative Hearings ("OAH"). The OAH ruled that Fields was twenty days late in filing his appeal and, due to his late filing, dismissed the appeal. Fields filed a petition for judicial review in the Circuit Court for Howard County. The circuit court affirmed the OAH's order of dismissal.

Fields advances the argument in this appeal that the procedures adopted by HCDSS that are set forth in COMAR 07.02.27.05A, impose upon parties seeking to pursue appeals a burden that is not allowed by statute. We agree with Fields

---

1. According to the notice, the term "indicated" means that HCDSS has "credible evidence that has not been satisfactorily refuted that child abuse or neglect occurred."

and hold that the procedural steps for pursuing an appeal set forth in the aforementioned COMAR regulation as implemented by HCDSS are more burdensome than the appeal process described in Section 5–706.1(b)(1) of the Family Law Article ("FL") of the Maryland Code (1999 Repl.Vol.).

## I. *FACTS*

Fields received a "Notice of Action Opportunity to Appeal" ("notice") from appellee, HCDSS. The notice was dated September 6, 2005, and informed Fields that HCDSS had found him responsible for "indicated" child sexual abuse. Insofar as is here relevant, the notice also said:

> IF YOU HAVE BEEN FOUND RESPONSIBLE FOR *INDICATED* CHILD ABUSE OR NEGLECT:
>
> • You may appeal the indicated finding by requesting, within 60 days of the date of this notice, a hearing at the Office of Administrative Hearings.
>
> • If you do not file an appeal within 60 days, are unsuccessful in your appeal, or are convicted of a crime arising out of the alleged child abuse or neglect, you may be identified as responsible for indicated child abuse or neglect in a central registry, which is a part of the agency's **confidential** computerized database.

On the reverse side of the notice, the appeals process was described:

> **To request a contested case hearing:** You must return the enclosed Appeal Request to the Department. The Department will promptly mail you a Contested Case Hearing Request form. **You must submit the Contested Case Hearing Request form, with a filing fee of $50.00, to the Office of Administrative Hearings within 60 days on the front of this notice**[, which was September 6, 2005].

Fields returned the Appeal Request form, checking the box that read:

> I am appealing a finding of INDICATED child abuse or neglect. Please send me a Contested Case Hearing Re-

quest form. *I understand that I must return the Contested Case Hearing Request form to the Office of Administrative Hearings not later than 60 days after the date of the Notice of Action (see date above ).*

(Emphasis added.)

It is unclear from the record when Fields mailed the Appeal Request form or when HCDSS received it. The record does show that it was received on or before October 12, 2005, because HCDSS mailed a Contested Case Hearing Request form ("contested case form") to Fields on October 12. Fields received the contested case form on October 15, 2005. At the top of the form were the following words:

To file an appeal, complete this *entire* form. Provide all requested information, sign the form, and mail it to the above address. You *must* include with this appeal form a $50.00 filing fee made payable to the Maryland State Treasurer and a copy of the "Notice of Action/Opportunity for an Appeal" form that you received from the Department of Social Services.

Fields retained an attorney who mailed the contested case form, the notice, the $50.00 filing fee, and a letter signed by his client on November 23, 2005. The OAH received the contested case form on November 28, 2005.

In the letter attached to the contested case form, Fields said:

Unfortunately, because these forms were mailed to me on [October 12, 2005], I was not able to retain a lawyer to represent me until November 22, 2005, and as a result of which the contested case hearing request forms where [sic] not filed within sixty (60) days of each of the dates of notice of actions which are enclosed herewith. Unfortunately, I believed that I had sixty (60) days from the date of the contested case hearing request forms (October 12, 2005) were mailed to me to respond. I would hope that this inadvertence on my part does not jeopardize my appeal in the above cases as I have a meritorious defense to each of the DSS findings of Child Abuse in each of the above

matters.[2]   Consequently, I have requested that my attorney submit the Contested Case Hearing Request forms now in the hopes that this appeal can be perfected.

By written order of an Administrative Law Judge ("ALJ"), OAH dismissed the appeal because Fields failed to submit the contested case form to OAH prior to the expiration of the sixty-day period, which the ALJ calculated to be November 8, 2005.[3]

## *ANALYSIS*

■   Title 5 of FL is entitled "Children."   Subtitle 7 of Title 5 concerns "Child Abuse and Neglect."   Section 5–706.1 of FL provides that an individual who has been notified of a finding by a local department of social services of "indicated or unsubstantiated abuse or neglect" of a child can contest such findings.   FL Section 5–706.1(b)(1) states:

> In the case of a finding of indicated abuse or neglect, an individual may request a contested case hearing to appeal the finding in accordance with Title 10, Subtitle 2, of the State Government Article of the Maryland Code (2004 Repl. Vol.) ("SGA") *by responding to the notice of the local department in writing within 60 days.*

(Emphasis added.)

The provision in Title 10, Subtitle 2, of the State Government Article ("SGA"), that is here relevant is Section 10–207, which provides, in pertinent part:

**§ 10–207.   Notice of agency action.**

(a) *In general.*—An agency shall give reasonable notice of the agency's action.

---

**2.** Fields received a second notice as well, dated September 8, 2005, concerning another child.   No appeal was taken from the disposition of that second finding.

**3.** The sixty-day period, in accordance with our decision in *Prince George's County Department of Social Services v. Knight,* 158 Md.App. 130, 139–40, 854 A.2d 907 (2004), was calculated as being sixty-three days from mailing, i.e., sixty days from issuance of the notice plus three days for receipt of the notice by mail.

(b) *Contents of notice.*—The notice shall:

(1) state concisely and simply:

(i) the facts that are asserted; or

(ii) if the facts cannot be stated in detail when the notice is given, the issues that are involved;

(2) state the pertinent statutory and regulatory sections under which the agency is taking its action;

(3) state the sanction proposed or the potential penalty, if any, as a result of the agency's action;

(4) unless a hearing is automatically scheduled, state that the recipient of notice of an agency's action may have an opportunity to request a hearing, including:

(i) what, if anything, a person must do to receive a hearing; and

(ii) all relevant time requirements; and

(5) state the direct consequences, sanction, potential penalty, if any, or remedy of the recipient's failure to exercise in a timely manner the opportunity for a hearing or to appear for a scheduled hearing.

As can be seen, Section 10–207 simply instructs the agency as to the information it must provide to the person against whom the agency has taken an adverse action. Nothing in Title 10, Subtitle 2, of SGA gives the local department of social services the authority to require that a person who wishes to contest an agency decision do anything more than what FL Section 5–706.1(b)(1) requires, i.e., respond to DSS's notice (of a finding of abuse, etc.) in writing within sixty days.

Section 5–714(h) of FL states that the Secretary of Human Resources "shall adopt regulations necessary to protect the rights of individuals suspected of abuse or neglect." Purporting to act under the mandate set forth in Section 5–714(h), COMAR 07.02.26.05 was adopted by the Secretary. It states, in relevant part:

A. Indicated Child Abuse or Neglect. An individual found responsible for indicated child abuse or neglect may appeal the finding by:

(1) Requesting in writing an appeal form from the local department; and

(2) Not later than 60 days after the date the local department issued the notice of action, returning the appeal form to the OAH with:

    (a) The required filing fee, and

    (b) A copy of the notice of action.

*    *    *

C. Failure of a party to comply with the requirements in this regulation shall result in dismissal of the appeal.

Fields contends that COMAR 07.02.26.05A, at least insofar as it has been implemented by the HCDSS, is invalid because it adds steps inconsistent with the statutory requirements set forth in FL Section 5–706.1, which only requires an individual to "request a contested case hearing . . . *by responding* to the notice [provided by DSS] in writing within 60 days." (Emphasis added.)

According to Fields, the COMAR regulation, instead,

not only requires that a petitioner notify DSS of their intention to file an appeal, but (a) a petitioner must request an appeal form from the agency the petitioner is filing the appeal against, (b) the agency that is having the appeal filed against it must then respond to the petitioner with the "appeal form" even though there is no time limit on how long the agency has to respond to the petitioner's request, and (c) the petitioner must then (hope) to file this form and the required fee within 60 days.

Fields takes the position that his appeal should not have been dismissed because he did request a contested case hearing to appeal the finding by *responding* to the notice of the local department within sixty days.

In *Prince George's County Department of Social Services v. Knight*, 158 Md.App. 130, 140, 854 A.2d 907 (2004), we had occasion to analyze COMAR 07.02.26.05A. Knight had received a letter dated March 4, 2002, stating that she had been found responsible for indicated child abuse. Unlike Fields, however,

Knight received, simultaneously with the first letter from the County, all of the forms Prince George's County required for initiating an appeal. Knight then filled out all pertinent forms and enclosed with the forms the proper fee but did not do so until May 6, which was more than sixty calendar days after March 4.

In *Knight,* we noted that Maryland Rule 1–203 requires that the counting of sixty days begins on the day after the day notice is received, and that, when notice is sent by mail, three days are added to the period for response. *Id.* at 140–41, 854 A.2d 907. We held that the sixty-day period could not start until Knight had received the notice in question three days after it had been mailed, and that the first of the sixty days would be the day after such receipt. Counting sixty-three days from March 4, we determined that Knight had until May 6 to mail her response, and, because that was the date she in fact mailed it, her notice of appeal was timely. *Id.* at 141, 854 A.2d 907.

In reaching the conclusion that Knight's appeal was timely, we observed that a portion of COMAR 07.02.26.05A was in conflict with the statute providing for such appeals, i.e., FL Section 5–714.1(h), which, as previously mentioned, mandates: "The Secretary of Human Resources . . . shall adopt regulations necessary to protect the rights of individuals suspected of abuse or neglect," and "may adopt regulations to implement provisions of this section." We held that because the COMAR regulation limits the time for appeal to sixty days from the *date of the issuance* of the notice, whereas FL Section 5–706.1(b)(1) provides for an appeal to be filed within sixty days from *the time the citizen receives that notice,* the regulation effectively shortened the time available for response. This shortening was inconsistent with the requirements that the regulation must "protect the rights of the individuals suspected," and was, therefore, invalid. 158 Md.App. at 140, 854 A.2d 907.

In our view, at least as implemented by appellee, the COMAR regulations' requirement that the person notify both

the local department and the OAH of an intent to appeal is similarly inconsistent with the *Knight* standard, i.e., that the regulations must "[p]rotect the rights of individuals suspected of child abuse, . . . [not] diminish them." *Id.* at 140, 854 A.2d 907.

As Fields stresses, FL Section 5–706.1(b)(1) provides that a person may request an appeal "by responding to the notice of the local department in writing within sixty days." It does not require that a second form be requested from the local department and then sent to the OAH. This is important because there can be no doubt that within sixty days of September 6 Fields responded to HCDSS in regard to its notification by returning to it (at least by October 12, 2005) an appeal request form. On the form, he checked the box that read, in relevant part, "I am appealing a finding of indicated child abuse or neglect. . . ."

To require a party who objects to the actions of an agency and who has notified it of his/her intent to appeal, to take a second step (send the contested Case Hearing Request Form to OAH) within sixty days, exceeds the scope of what FL Section 5–706.1(b)(1) permits and unfairly decreases the time the objecting party has to act.

We note that in some counties the procedures set forth in the COMAR regulations are administered in a fashion so as not to infringe on the rights of an objecting party. For instance, in Prince George's County, the local department evidently sends all forms necessary to perfect an appeal with the official notice. *See Knight,* 158 Md.App. at 134–35, 854 A.2d 907. The manner in which HCDSS sends out notifications (i.e., without including all required forms), makes it virtually impossible for the person requesting an appeal to send notification to OAH until he or she first corresponds with, and receives a second mailing from, HCDSS. As a consequence, Fields—unlike Ms. Knight—who received all necessary forms on the date of her notification—did not have the full sixty days from the time he received the second form in which to notify OAH.

HCDSS cites *Candelero v. Cole*, 152 Md.App. 190, 195, 831 A.2d 495 (2003), and *Department of Health & Mental Hygiene v. Campbell*, 364 Md. 108, 120 n. 12, 771 A.2d 1051 (2001), for the proposition that "regulations that are consistent with the letter and spirit of the law under which they are promulgated and under which the agency acts are not subject to successful challenge." This, of course, is true. But this proposition only benefits HCDSS if the COMAR regulation in question is, in fact, "consistent with the letter and spirit of the law" under which the COMAR regulation is promulgated.

HCDSS argues:

> There is simply no merit to Mr. Fields's assertion that the agency's two-step appeal process is contrary to the legislature's intent in permitting the agency to promulgate regulations "to protect the rights of individuals suspected of abuse or neglect." FL § 5–714(h). This Court addressed and rejected a similar argument in *Candelero v. Cole*, 152 Md. App. 190, 198 [831 A.2d 495] (2003), when it upheld the dismissal of a tort claim on the basis that it was untimely.

(Reference to appellant's brief omitted.)

The *Candelero* case involved the issue of whether the procedures set forth in the Maryland Tort Claims Act (MTCA) had been followed. As part of the MTCA's implementing regulations, one of the COMAR provisions requires that notice of any such claim be filed within one year of the underlying events, measured by the date the claim was received by the State, not the date it was mailed. The appellant had mailed notice of his MTCA claim on the date her one-year window expired, and it was not received until two days later. Rather than invalidate that regulation for conflicting with the statutory purpose of facilitating such claims, we found that the strict requirement that a claim be received by the State (not merely mailed) within a year of the underlying incident *implemented* the statutory purpose, which was to give the State notice of the claim against it, not to protect the rights of claimants. As the Court in *Candelero* noted, "Only the receipt of a claim insures that the State is provided notice. The mere mailing of

a claim does not." *Candelero,* 152 Md.App. at 196, 831 A.2d 495. In contrast to the statute under scrutiny in *Candelero,* here the legislature directed that the regulation adopted by the Secretary of Human Resources protect the suspect, not the State or the administrative agencies. Just as *Candelero* rightly considered the regulation in the light most favorable to the party whose interests were being protected, so did the *Knight* Court, and so do we in the case at hand.

Lastly, HCDSS asserts that the two-step process set forth in the COMAR regulation fulfills an important government requirement—that the local government, as well as OAH, receive notice of who has and who has not appealed from a notice of indicated abuse or neglect. This may be so, but as Judge Andrew Sonner said in his concurring opinion in *Knight:*

> The administrative burden that would result from [accepting Knight's response] seems Lilliputian in comparison with the damage that could result . . . from being labeled a child abuser.

*Knight,* 158 Md.App. at 142, 854 A.2d 907 (Sonner, J., concurring).

In our view, the burden of putting two forms in the envelope sent by HCDSS in its initial mailing instead of one, or of having either HCDSS or OAH send each other copies of the request for an appeal, seems minuscule when compared with the consequences to Fields, and others like him, who may have his name put on a registry of child abusers without a hearing.

■ Because the multi-step nature of HCDSS's process infringes upon the rights of a suspect to have a full sixty days to respond to the notice, the requirements for multiple responses go beyond the statutory authority to adopt regulations to protect the rights of individuals suspected of abuse or neglect. We, therefore, conclude that, under the circumstances of this case, the requirement of a second mailing to initiate an appeal is not consistent with the letter or spirit of the law under which the agency acts.

For all the above-stated reasons, we hold that Fields did comply with the substance of the statutory requirements necessary to initiate an appeal in this matter. Therefore, his appeal should not have been dismissed as untimely.

**JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY WITH DIRECTIONS TO REVERSE THE ADMINISTRATIVE DECISION AND REMAND THE CASE TO THE OFFICE OF ADMINISTRATIVE HEARINGS FOR A CONTESTED CASE HEARING; COSTS TO BE PAID BY APPELLEE.**